**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

APRIL B.,

                          Plaintiff,

                                                    8:18-CV-682
          v.                                          (DJS)

ANDREW M. SAUL,[1]
*Comm'r of Soc. Sec.*,

                          Defendant.

_____

**APPEARANCES:**                    **OF COUNSEL:**

ANDERSON LAMB &                ARTHUR P. ANDERSON,
ASSOCIATES P.C.                ESQ.
Counsel for Plaintiff
P.O. Box 1624
Burlington, VT 05402

U.S. SOCIAL SECURITY ADMIN.       DANIEL STICE TARABELLI,
OFFICE OF THE GENERAL COUNSEL     ESQ.
Counsel for Defendant
15 Sudbury Street
Suite 625
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019.  The Clerk of Court is respectfully directed to amend the caption.

## DECISION and ORDER[2]

Currently before the Court, in this Social Security action filed by April B. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g) are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 9 & 13. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion for Judgment on the Pleadings is denied. The Commissioner's decision denying Plaintiff's disability benefits is vacated, and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1977, making her 33 years old at the alleged onset date ("AOD") and 40 at the date of the ALJ's decision. Dkt. No. 6, Admin. Tr. ("Tr."), p. 151. Plaintiff reported obtaining a GED. Tr. at p. 155. Plaintiff has past work as a cashier, clerk, laborer, packer, and doing computer analysis. Tr. at p. 156. Plaintiff alleged disability due to lower back and left leg pain, and a ruptured disc. Tr. at p. 155.

### B. Procedural History

Plaintiff applied for Disability Insurance Benefits on March 26, 2009, which resulted in a finding that Plaintiff was disabled from August 29, 2008 through March 10, 2010, and that Plaintiff experienced medical improvement on March 11, 2010, and was

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

not disabled from then until the date of the decision, October 29, 2010. Tr. at pp. 53-65. Plaintiff then filed another application for Disability Insurance Benefits on January 3, 2011, claiming she was disabled as of August 29, 2008, which she amended to March 12, 2010. Tr. at pp. 35 & 120. Her application was denied. Plaintiff requested a hearing, and after a hearing held before Administrative Law Judge ("ALJ") Arthur Pantane on April 20, 2012, the ALJ issued a decision finding Plaintiff not disabled. Tr. at pp. 18-28 & 32-52. Plaintiff filed an appeal in federal court, and the Court remanded the decision to Defendant. Tr. at pp. 591-612. Upon remand by the Appeals Council, Tr. at pp. 613-616, Plaintiff was given an opportunity for another hearing; that hearing was held on April 11, 2017, at which she was represented by counsel. Tr. at pp. 485-512. The ALJ issued a determination finding Plaintiff not disabled on June 21, 2017. Tr. at pp. 462-477. On April 11, 2018, the Appeals Council declined to assume jurisdiction over the matter. Tr. at pp. 452-457. Plaintiff filed her Complaint in this action on June 8, 2018. Dkt. No. 1.

## C. The ALJ's Decision

Generally, in his decision, the ALJ made the following seven findings of fact and conclusions of law. First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2015. Tr. at p. 467. Second, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of October 30, 2010,[3] through her date last insured ("DLI")

---

[3] The ALJ in his determination used an AOD of October 30, 2010, although Plaintiff alleged an AOD of March 12, 2010. Tr. at pp. 467 & 519. At Plaintiff's hearing in 2012, this discrepancy was discussed, and no conclusion was reached; the ALJ also used October 30, 2010 as the AOD in his 2012 determination. Tr. at pp. 23 & 519-522. Plaintiff has not raised her AOD as an issue in her appeal. *See* Dkt. No. 9, Pl.'s Mem. of Law, *generally*.

- 3 -

of March 31, 2015. *Id*. Third, the ALJ found that, through the DLI, Plaintiff's lumbar degenerative disc disease and obesity were severe impairments. Tr. at pp. 467-468. Fourth, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"), specifically considering Listing 1.04. Tr. at pp. 468-469. Fifth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work "except that she requires the ability to get up and move around after 45 minutes of sitting, and she should not perform repetitive crouching, stooping, kneeling, crawling, or operation of foot controls; she was also precluded from climbing ladders, ropes, or scaffolds." Tr. at p. 469. Sixth, the ALJ found that through the DLI, Plaintiff was capable of performing past relevant work as a customs broker. Tr. at p. 476. Seventh, and last, the ALJ found that Plaintiff was not under a disability at any time from her alleged onset date through her DLI. Tr. at p. 477.

## D. The Parties' Briefings on Their Cross-Motions

In her Motion for Judgment on the Pleadings, Plaintiff first contends that the ALJ's RFC finding is not supported by substantial evidence because it is not based on the opinion of a medical professional. Dkt. No. 9, Pl.'s Mem. of Law, pp. 10-11 & 14-23. In particular, Plaintiff contends that the ALJ substituted his evaluation of raw medical evidence for that of a medical source, and that the ALJ improperly considered certain evidence in the record. *Id.* Plaintiff also argues that the ALJ improperly rejected a medical expert's opinion regarding Step Three. *Id.* at p. 11-14. Plaintiff next contends that the ALJ's RFC precludes Plaintiff from returning to her past relevant work, as the

- 4 -

evidence does not indicate that the work would permit Plaintiff to get up and move around after 45 minutes of sitting. *Id.* at pp. 23-24. Plaintiff argues that the matter should be remanded for calculation of benefits as the medical evidence in the record only supports a finding that Plaintiff was disabled at all times. *Id.* at pp. 24-25.

In response, Defendant contends that the ALJ's determinations regarding Step Three and Plaintiff's RFC were supported by substantial evidence. Dkt. No. 13, Def.'s Mem. of Law, pp. 3-22. Defendant contends that Plaintiff is collaterally estopped from challenging the ALJ's Step Four finding, because the ALJ in the 2010 determination found that Plaintiff could perform this past work utilizing an RFC that was more restrictive than the present RFC, and Plaintiff never appealed that determination. *Id.* at pp. 22-25.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord*

*Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §

404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III.  ANALYSIS

### A.  The ALJ's Step Three Determination

Initially, as part of her argument regarding the ALJ's RFC determination, Plaintiff appears to make the separate argument that it was improper for the ALJ to reject the opinion of Dr. Gussoff, medical consultant, that Plaintiff's back impairment meets or

medically equals Listing 1.04. Pl.'s Mem. of Law at pp. 12-14. Plaintiff's contention that she meets or medically equals Listing 1.04 solely focuses on Dr. Gussoff's opinion: she contends that the ALJ failed to properly analyze his opinion that Plaintiff met or equaled the Listing. *Id.*

Listing 1.04 deals with "Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord." 20 C.F.R. § Pt. 404, Subpt. P, App. 1. The disorder must have

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

*Id.* The ALJ found that Plaintiff's conditions did not satisfy the above criteria, stating that Plaintiff's "lumbar spine impairments have not resulted in the type of nerve root compression with accompanying symptoms as delineated in 'paragraph A' of listing 1.04.

- 8 -

The record is absent of the type of objective evidence establishing spinal arachnoiditis described in listing 1.04 'paragraph B.' Finally, the claimant's lumbar spine impairments have not resulted in the type of pseudoclaudication required by 'paragraph C' of listing 1.04." Tr. at p. 468.

The ALJ explicitly considered Dr. Gussoff's opinion in making his determination, explaining that the evidence to which the doctor cited in support of his finding did not actually support such a finding. Tr. at p. 468. The ALJ explained that his review of the records resulted in a finding that Plaintiff did not meet or medically equal the Listing, and that the evidence cited by Dr. Gussoff did not support such a finding. Tr. at pp. 468-469. Specifically, the ALJ explained that the MRI referred to in Exhibit B2F was from 2004, six years prior to the period at issue, and prior to Plaintiff's surgeries. Tr. at p. 468. He explained that Exhibits B13F and B21F contained objective clinical findings and subjective reports that did not support Dr. Gussoff's conclusions, in that B13F showed subjective complaints of lower extremity symptoms, but normal musculoskeletal and neurologic examinations except for tenderness in the lumbosacral region and a subjective report that she was unable to walk on her heels. *Id.* Exhibit B21F showed pain with range of motion, but negative straight leg raise, and a report of "a component of mild numbness and slight tingling that is intermittent but this is not an issue for her at this time." *Id.* Exhibit B28F also failed to provide the requisite findings, showing complaints of pain with range of motion, but no gait abnormality or strength deficits, and slightly diminished sensation in the left lower extremity; positive straight leg maneuver was noted, but it was

not specified whether it was confirmed in both the seated and supine positions. Tr. at pp. 468-469.

The Court does not find Plaintiff's arguments persuasive, as the ALJ reviewed the evidence cited to by Dr. Gussoff and gave good reasons for finding the opinion to be not well supported. The Court will not reweigh that evidence. *See Muldowney v. Comm'r of Soc. Sec.*, 2018 WL 2417837, at *5 (N.D.N.Y. May 29, 2018); *White v. Comm'r of Soc. Sec.*, 2018 WL 2170288, at *6 (N.D.N.Y. May 10, 2018).

### B. The ALJ's Weighing of the Opinion Evidence and the RFC Determination

Plaintiff contends that the RFC is not supported by substantial evidence because it is not based on any medical opinion. Pl.'s Mem. of Law at pp. 10-23. In particular, Plaintiff takes issue with the ALJ's rejection of Dr. Gussoff's and Ms. Schneider's opinions and his weighing of the evidence. *Id.* at pp. 11-15 & 16-21. In addition, Plaintiff argues that there is no opinion supporting a finding that Plaintiff can lift and carry up to 20 pounds or that she could sit for eight hours a day, for forty-five minutes at a time. *Id.* at pp. 15 & 21-23.

RFC is defined as "'what an individual can still do despite his or her limitations . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'" *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and

continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d at 210 (citing 20 C.F.R. § 404.1545(a)). "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'" *Hendrickson v. Astrue*, 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012), *report and recommendation adopted*, 2013 WL 1180864 (Mar. 20, 2013) (quoting Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *8).

"The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *Bleil v. Colvin*, 2017 WL 1214499, at *8-9 (N.D.N.Y. Mar. 31, 2017); *Provencher v. Comm'r of Soc. Sec.*, 2017 WL 56702, at *5 (N.D.N.Y. Jan. 5, 2017). In other words,

> an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence. Where the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner may not] make the connection himself.

*Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. July 20, 2016) (internal quotation marks omitted) (citation omitted).

Defendant contends that the ALJ did ground his opinion in a medical opinion: he gave significant weight to Dr. Wassef's opinion. Def.'s Mem. of Law at pp. 12-13. Dr. Wassef's medical source statement provided that "the claimant has moderate to marked limitations in regard to standing, walking, climbing stairs, bending, squatting, lifting, as well as operating foot controls. She should be accommodated in a quiet environment."

- 11 -

Tr. at p. 786. The ALJ found Dr. Wassef's conclusions were generally supported by the record, but found that the totality of the evidence did not support the marked limitations he opined for exertional and postural activity, "based on her conservative care since the alleged onset date and period of more than two years with no significant complaints of back pain." Tr. at p. 475. The ALJ also noted that some of the treatment history reported by Plaintiff to Dr. Wassef was not consistent with the medical evidence, and that for the majority of the period at issue, Plaintiff had been primarily managing her pain with over the counter pain relievers and did not have any prescribed medications until December 2012. *Id.* The ALJ therefore accepted Dr. Wassef's opinion to the extent that it opined moderate limitations in regard to exertional and postural limitations. *Id.*

The ALJ did not adopt the entirety of Dr. Wassef's opinion, discounting his findings of moderate to marked limitations. "There is no requirement that the ALJ accept every limitation in the opinion of a consultative examiner." *Kitka v. Comm'r of Soc. Sec.*, 2016 WL 825259, at *9 (N.D.N.Y. Feb. 9, 2016) (citing *Pellam v. Astrue*, 508 Fed. Appx. 87, 89 (2d Cir. 2013)); *see also Dirisio v. Comm'r of Soc. Sec.*, 2016 WL 7378930, at *4 (N.D.N.Y. Dec. 20, 2016) ("In formulating a plaintiff's RFC, an ALJ is not required to adhere to the entirety of one medical source's opinion.") (citing *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013)); *Wilburn v. Colvin*, 2016 WL 1237789, *4 (N.D.N.Y. Feb. 29, 2016) (finding that the ALJ was not obligated to incorporate all of a physician's limitations into the RFC where he afforded the opinion "significant, but not great weight"). In addition, there is no legal requirement that the ALJ rely on a medical opinion in every case to formulate the RFC. Rather, the ALJ has the responsibility of reviewing

- 12 -

all the evidence before him, resolving inconsistencies, and making a determination consistent with the evidence as a whole. *See Bliss v. Colvin*, 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015); *Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014).

Dr. Wassef's opinion provides support for the RFC determination. Indeed, moderate limitations in standing and walking are consistent with light work. *See Moore v. Comm'r of Soc. Sec.*, 2017 WL 1323460, at *8 (N.D.N.Y. Apr. 10, 2017) ("[M]oderate limitations for sitting, standing, walking, bending, climbing stairs, and lifting or carrying heavy objects . . . is consistent with light work."); *see also Burpoe v. Berryhill*, 2019 WL 3329818, at *15 (S.D.N.Y. July 24, 2019) (finding "that plaintiff was unable to engage in repetitive overhead activities, could not lift objects over 25 pounds and could not engage in prolonged walking, bending, standing or sitting" to be "limitations consistent with a light RFC."). Dr. Wassef also opined moderate to marked limitations in lifting, and did not opine any limitations in carrying. Tr. at p. 786. The ALJ's acceptance of moderate limitations in lifting supports a finding that Plaintiff can lift and carry in conformance with light work, which requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b); *see Michael V. v. Comm'r of Soc. Sec.*, 2019 WL 4276722, at *5 n. 3 (N.D.N.Y. Sept. 10, 2019) ("Courts have held that 'moderate' lifting or carrying limitations are consistent with RFC limitations to light work.").

Plaintiff next takes issue with the ALJ's rejection of the opinions of Dr. Gussoff and Ms. Schneider. The ALJ gave Ms. Schneider's opinion "little weight . . . as it is not

consistent with her own treatment history of the claimant, the objective clinical evidence since the alleged onset date, or other pertinent medical evidence." Tr. at pp. 474-475.

An ALJ must consider the opinion of a treating source even if she is not an acceptable medical source; the evidence "should be considered to determine the severity of a claimant's impairments and how those impairments will affect a claimant's ability to work." *Philpot v. Colvin*, 2014 WL 1312147, at *5 (N.D.N.Y. Mar. 31, 2014). Here, the ALJ explicitly noted that Ms. Schneider is not an acceptable medical source, but that her opinion is entitled to "due consideration regarding the claimant's work-related limitations." Tr. at p. 474. The ALJ considered the consistency of the opinion with the medical evidence since the alleged onset date, describing that the opinion appears to recite the claimant's subjective statements of her limitations, generally relying on Plaintiff's subjective allegations for her assessment of work-related limitations. *Id.* The ALJ considered that Plaintiff was not receiving any prescribed treatment at that time, and that her clinical signs at the evaluation were not consistent with other clinical examinations since the AOD. *Id.* (citing findings from other clinical examinations). The ALJ also described that Plaintiff's treatment history is inconsistent with the degree of limitations that Ms. Schneider expressed, and ultimately gave the opinion little weight. Tr. at pp. 474-475. The ALJ fully considered the opinion of this treating source.

The ALJ also gave Dr. Gussoff's opinion little weight, because "his conclusions seem largely based on medical evidence that is not relevant to the period at issue." Tr. at p. 475. The ALJ described that Dr. Gussoff referred to an MRI from 2004, which was prior to Plaintiff's surgeries, and pain management records that predate the AOD. *Id.*

The ALJ also found evidence cited as supporting his findings to be inconsistent with those findings, and that there was no support in the record for certain of his findings, including those regarding environmental limitations and postural limitations. *Id.* The ALJ has the responsibility of reviewing all the evidence before him, resolving inconsistencies, and making a determination consistent with the evidence as a whole. *See Bliss v. Colvin*, 2015 WL 457643, at *7 ("It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."); *Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014). The ALJ also properly considered this opinion.

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). The Court will not reweigh the evidence that was before the ALJ. *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'"), *report and recommendation adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996)); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court

to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)). As such, Plaintiff's arguments that a finding of disability would be supported by substantial evidence fail.

Plaintiff also appears to contend the ALJ cherry picked evidence in reaching his determination. Pl.'s Mem. of Law at p. 20. The ALJ cannot ignore evidence or "'cherry pick' only the evidence from medical sources that support a particular conclusion and ignore the contrary evidence." *Walsh v. Colvin*, 2014 WL 4966142, at *9 (N.D.N.Y. Sept. 30, 2014) (citing *Royal v. Astrue*, 2012 WL 5449610, at *6 (N.D.N.Y. Oct. 2, 2012)); *see also Alsheikhmohammed v. Colvin*, 2015 WL 4041736, at *6 (N.D.N.Y. July 1, 2015). That does not appear to be the case here where the ALJ performed a detailed review of the evidence. Further, "'an ALJ is not required to discuss in depth every piece of evidence contained in the record, so long as the evidence of record permits the Court to glean the rationale of an ALJ's decision.'" *Coleman v. Comm'r of Soc. Sec.*, 2015 WL 9685548, at *5 (N.D.N.Y. Dec. 11, 2015), *report and recommendation adopted*, 2016 WL 109994 (Jan. 8, 2016) (quoting *LaRock ex. rel. M.K. v. Astrue*, 2011 WL 1882292, at *7 (N.D.N.Y. Apr. 29, 2011)). Plaintiff's arguments regarding specific pieces of evidence to which Plaintiff contends the ALJ gave too little weight fail.

Finally, Plaintiff takes issue with the ALJ's finding that Plaintiff's testimony was inconsistent with some of her treating notes. Pl.'s Mem. of Law at pp. 16-18. As to the ALJ's analysis of inconsistencies between Plaintiff's testimony and statements reflected in her treatment notes, "[i]t is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the

claimant." *Schlichting v. Astrue*, 11 F. Supp.3d 190, 206 (N.D.N.Y. 2012) (quoting *Carroll v. Sec. of Health and Human Servs.*, 705 F.2d at 642). Moreover, the ALJ's discussion of Plaintiff's statements regarding exercise is supported by the record, which contains a number of notations indicating that Plaintiff exercises. Plaintiff also takes issue with the ALJ's discussion of evidence indicating that she did not take prescribed medications for a period and did not complain of back pain for over two years, and argues that a physician's conservative treatment does not undermine an opinion as to the severity of the impairment; Plaintiff additionally argues that her treatments were not conservative. *Id.* at pp. 18-19. The ALJ determined that Plaintiff's impairments were not as severe as alleged based on a number of factors, discussed above; considering Plaintiff's relatively conservative treatment in connection with those other considerations was not improper. *See Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) ("The fact that a patient takes only over-the-counter medicine to alleviate her pain may [ ] help to support the Commissioner's conclusion that the claimant is not disabled if that fact is accompanied by other substantial evidence in the record.").

For the reasons outlined above, the ALJ's analysis of Plaintiff's RFC and the evidence (including the opinion evidence) is supported by substantial evidence. Remand is therefore not required on this basis.[4]

---

[4] Plaintiff's Motion raises a variety of other distinct factual arguments which have been considered and found to be without merit for the reasons identified in Defendant's Motion.

## C. The ALJ's Step Four Determination

Finally, Plaintiff contends that substantial evidence does not support the ALJ's finding that she could return to her past relevant work as a customs broker. Pl.'s Mem. of Law at pp. 23-24. Plaintiff contends that the RFC providing that Plaintiff get up and move around after 45 minutes of sitting would not permit her to perform her past relevant work as a customs broker. *Id.* In particular, she argues that the evidence shows that the job required sitting for ten hours, and would not allow her to take breaks after 45 minutes. *Id.* Further, she points out that there was no vocational expert testimony or vocational evidence supporting the finding that Plaintiff could work as a customs broker with the assigned RFC. *Id.*

Defendant contends that Plaintiff is collaterally estopped from challenging the Step Four finding. Def.'s Mem. of Law at pp. 22-25. Defendant argues that in the 2010 decision, the ALJ found that Plaintiff could perform her past relevant work with restrictions that were greater than the restrictions opined in the current RFC. Defendant contends that the requirements of Plaintiff's past relevant work, as she performed it, have not changed, and thus whether Plaintiff can perform that work with this RFC has already been decided. *Id.* Defendant contends that Plaintiff was given a full and fair opportunity to litigate this issue in 2010, and that the determination became final when Plaintiff failed to appeal the determination. *Id.*

"Issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Bushey v. Berryhill*, 739 Fed. Appx.

668, 671 (2d Cir. 2018) (internal quotation marks omitted) (citations omitted). This can apply when an "agency resolves a disputed matter that the parties had a full and fair opportunity to litigate, and that same matter later comes before a court." *Id.* (citing *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1303 (2015)). Issue preclusion applies where "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* (internal quotation marks omitted) (quoting *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013)).

Here, Plaintiff contends that the RFC's requirement that she would have to get up and move around after 45 minutes of sitting does not support a finding that she could return to her past relevant work because there is no evidence that her past work would allow for that. Pl.'s Mem. of Law at p. 23. Defendant contends that the issue of whether one who needs to get up and move around after sitting could perform Plaintiff's past relevant work is identical to the issue decided in the 2010 decision. Def.'s Mem. of Law at p. 23. Defendant contends that "if one could perform Plaintiff's past relevant work while only being able to sit for 15-30 minutes at a time, one could do so if they could sit for 45 minutes at a time. The past relevant work determination was necessary for the October 2010 decision to reach a conclusion that Plaintiff was not disabled." *Id.* at pp. 23-24.

It is not clear to the Court that this issue was actually litigated and resolved in the 2010 determination. The ALJ's current RFC determination provides Plaintiff can

"perform light work . . . except that she requires the ability to get up and move around after 45 minutes of sitting, and she should not perform repetitive crouching, stooping, kneeling, crawling, or operation of foot controls; she was also precluded from climbing ladders, ropes, or scaffolds." Tr. at p. 469. The 2010 RFC determination provided that Plaintiff could

> occasionally lift, carry, push, pull ten pounds; frequently lift, carry, push, and pull less than ten pounds; standing and walking for four to five hours in a workday with normal breaks, with standing limited to about 15-30 minutes at time [sic], and walking limited to short distances several times a day; sitting four to five hours in a workday with normal breaks, with sitting limited to about 15-30 minutes several times at day [sic]; and occasionally balancing, climbing, crawling, crouching, stooping, and kneeling.

Tr. at p. 63. It is not clear to the Court that "sitting four to five hours in a workday with normal breaks, with sitting limited to about 15-30 minutes several times at day" limits Plaintiff to only being able to sit for 15-30 minutes at a time. *See* Tr. at p. 63; Def.'s Mem. of Law at pp. 23-24. Indeed, it is unclear to the Court what that portion of the 2010 RFC was intended to mean. It appears that it could be interpreted to mean that Plaintiff is limited to sitting four to five hours total a day, and several times a day can only sit for 15-30 minutes, but otherwise can sit longer; this would then likely exceed the current RFC of sitting for 45 minutes at a time. It could also be interpreted to mean that Plaintiff can only sit for 15-30 minutes at a time and only several times a day, but that would only add up to a total of one or two hours sitting per day, and would make the four to five hours total provided in the RFC nonsensical. The 2010 RFC is therefore unclear, and likely provides for lengths of sitting that are longer than that opined in the current RFC. Therefore, Defendant's argument that the issue regarding Plaintiff's ability to perform

past relevant work is barred by collateral estoppel fails, because the current RFC was not addressed by the previous ALJ determination.

Defendant does not otherwise address Plaintiff's Step Four contentions. The Court agrees with Plaintiff's argument that this determination was not supported by substantial evidence. Plaintiff is correct that there is no vocational evidence regarding the requirements of performing the work. In addition, there is evidence that the work could not be performed with the RFC. Plaintiff testified at the hearing that as a customs broker she was not able to take breaks or get up and move around at will, and described on her work history report that the job required sitting for ten hours each day. Tr. at pp. 508 & 728. As such, there is not substantial evidence to support a finding that Plaintiff could perform her past relevant work when limited by the RFC. *See*, *e.g.*, *Abdus-Sabur v. Comm'r of Soc. Sec.*, 2009 WL 5178439, at *9 (E.D.N.Y. Dec. 31, 2009) (remanding where the ALJ found the plaintiff could perform her past relevant work, but nothing in the record supported the ALJ's conclusion as to the requirements of the work); *Pagnani v. Comm'r of Soc. Sec.*, 2014 WL 1268912, at *3 (N.D.N.Y. Mar. 26, 2014) ("In the absence of evidence regarding the duties of plaintiff's past relevant work as a teaching assistant, there is no basis to find that plaintiff's RFC enables her to perform such work."); *Donato v. Sec. of Dep't of Health and Human Servs.*, 721 F.2d 414, 419 (2d Cir. 1983). The ALJ's Step Four determination was not supported by substantial evidence and the matter must be remanded.[5]

---

[5] Plaintiff specifically seeks reversal solely for a determination of benefits, Pl.'s Mem. of Law at pp. 24-25, but the record before the Court does not warrant such a determination at this time.

# IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **VACATED** and **REMANDED** pursuant to Section Four of section 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated:  September 27, 2019
         Albany, NY

Daniel J. Stewart
U.S. Magistrate Judge